# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

Nº 13-CV-5165 (JFB)
_____

STEVEN TORRES,

Petitioner,

VERSUS

DEPARTMENT OF CORRECTIONS AND NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE,

Respondents.
_____

**MEMORANDUM AND ORDER**
January 2, 2014
_____

JOSEPH F. BIANCO, District Judge:

*Pro se* petitioner Steven Torres ("petitioner" or "Torres") petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, with respect to Indictment 244N-2007, which charged him with burglary in the second degree but is not the basis for his present incarceration. In particular, petitioner pleaded guilty to a charge in a different indictment—namely, Indictment 218N-2007—which charged him with, *inter alia*, burglary in the second degree for allegedly breaking into a house in Levittown on November 2, 2006—and was sentenced in connection with that burglary. The indictment he seeks to challenge here—namely, Indictment 244N-2007—involved an unrelated incident in which he allegedly broke into the home of an acquaintance and stole property, and that indictment was dismissed in satisfaction of petitioner's guilty plea on Indictment 218N-2007.

Respondents the Department of Corrections and Nassau County District Attorney's Office ("respondents") move to dismiss for lack of subject matter jurisdiction. For the following reasons, the Court grants the motion. Specifically, as noted above, petitioner is challenging an indictment that was dismissed and does not form the basis of his current incarceration. Thus, petitioner cannot satisfy the "in custody" requirement that is necessary for habeas jurisdiction to exist. In his reply, petitioner makes clear that he is not challenging his conviction or incarceration, but rather simply wants respondents to acknowledge that they wrongfully indicted him for a second burglary he claims he did not commit. Habeas jurisdiction, however, does not exist for such relief. Therefore, the Court concludes that it lacks subject matter jurisdiction over petitioner's claim and

dismisses the petition for a writ of habeas corpus.[1]

### I. BACKGROUND

#### A. Factual Background

On November 2, 2006, petitioner and another individual broke into a house located in Levittown, Nassau County, and stole numerous items. Petitioner was arrested on November 5, 2006, and charged under Nassau County Indictment No. 218N-2007 with burglary in the second degree, N.Y. Penal Law § 140.25(2); criminal possession of stolen property in the fourth degree, N.Y. Penal Law § 165.45(2); and criminal possession of stolen property in the fifth degree, N.Y. Penal Law § 165.40. (*See* Petitioner's Statement of Facts (Appended to Petition), at 1; Indictment 218N-2007, Docket No. 8.) On January 29, 2007, petitioner was charged under Nassau County Indictment No. 244N-2007 with burglary in the second degree for an unrelated incident. (*See* Petitioner's Statement of Facts at 2 (detailing second indictment); Indictment 244N-2007, Docket No. 8.) On August 7, 2007, petitioner waived his right to appeal and pleaded guilty under indictment 218N-2007 to one count of attempted burglary in the second degree, N.Y. Penal Law §§ 110.00; 140.25. (Petition, at 1.) At the plea proceeding, the court promised to impose a sentence of seven years imprisonment to be followed by five years of post-release supervision. The court dismissed indictment 244N-2007 in satisfaction of petitioner's guilty plea on the first indictment. (*See* Plea Transcript, Docket No. 10-1.) Petitioner confirmed that he was pleading guilty voluntarily, he was satisfied with his lawyer's services, he understood the rights that he was giving up by pleading guilty, and he understood the terms of his sentence. (*Id.* at 3–8.) The court sentenced petitioner on March 19, 2008, in accordance with the terms of the plea agreement. (Petition, at 1.) The court never mentioned the conduct underlying the second indictment during sentencing. (*See* Sentencing Transcript, Docket No. 10-2.)

By letter dated June 10, 2009, petitioner filed a *pro se* motion to be resentenced, arguing that an error occurred because he was incarcerated at the time of the alleged burglary underlying indictment 244N-2007 and, therefore, the indictment should have been dismissed in the interest of justice, rather than in satisfaction of his guilty plea to indictment 218N-2007. (First Resentencing Motion, Docket No. 10-3.) Respondents opposed on July 22, 2009, arguing that the record of the plea proceeding demonstrated that petitioner had pleaded guilty voluntarily and with the understanding that indictment 244N-2007 would be dismissed in satisfaction of his guilty plea to indictment 218N-2007. (First Resentencing Opposition, Docket No. 10-4.) On July 30, 2009, the Supreme Court, Nassau County, denied petitioner's motion, finding that the record clearly set forth the reason for the dismissal and that there was no basis in law to revisit that record. (Decision Denying Post-Judgment Motion, Docket No. 10-5.)

On September 22, 2009, petitioner filed a *pro se* motion to vacate the judgment and withdraw his guilty plea in connection with indictment 218N-2007, arguing (1) he was innocent of the charges in indictment 244N-2007, and, thus, the indictment should have been dismissed in the interest of

---

[1] By letter dated December 9, 2013 (Docket No. 13), petitioner requests that the proceedings and deadlines be adjourned until after his release on March 20, 2014, to allow him to obtain counsel. In light of the Court's decision herein that no jurisdiction exists for the habeas petition, that motion is denied.

2

justice; (2) he was denied his right to testify before the grand jury in connection with indictment 244N-2007; (3) trial counsel was ineffective for failing to raise these issues; and (4) petitioner was unaware of the terms of his plea. (Motion to Vacate, Docket No. 10-6.) In a decision and order dated September 23, 2009, the Supreme Court, Nassau County, denied petitioner's motion *sua sponte* on the ground that the claims failed to state any ground to vacate the judgment pursuant to New York Criminal Procedure Law § 440.30(A). (Decision Denying Motion to Vacate, Docket No. 10-7.) Specifically, the court concluded that (1) petitioner failed to explain how his claim of innocence as to the dismissed indictment vitiated the voluntariness of his plea as to indictment 218N-2007; (2) petitioner failed to explain how any denial of his claimed right to testify before the grand jury affected the voluntariness of his guilty plea; (3) the claim of ineffective assistance of counsel was meritless; and (4) the claim that petitioner was unaware of the terms of his plea agreement was belied by the record. (*Id.*) On April 17, 2009, petitioner's assigned appellate counsel filed a brief in the Second Department in connection with indictment 218N-2007, advising the court that counsel could raise no non-frivolous issues on petitioner's behalf and asking to be relieved of her assignment. (Appellant's Brief, Docket No. 10-8.) On November 4, 2009, a unanimous panel affirmed the conviction, finding that there were no non-frivolous issues that could be raised and relieving counsel. *People v. Torres*, 67 A.D.3d 714 (N.Y. App. Div. 2009). Petitioner renewed his motion for resentencing on November 23, 2009, raising identical claims. (Second Resentencing Motion, Docket No. 10-11.) On December 3, 2009, the Supreme Court, Nassau County, denied the motion. (Decision Denying Second Resentencing Motion, Docket No. 10-13.)

Petitioner now seeks federal habeas corpus relief, claiming (1) indictment 244N-2007 should have been dismissed in the interest of justice; (2) the improper indictment precluded petitioner from negotiating a more favorable sentence in connection with indictment 218N-2007; and (3) his trial counsel failed to raise these issues with the state court. Petitioner emphasizes that he was incarcerated at the time of the conduct underlying the second indictment, and he complains that he was not able to exercise his right to testify before the grand jury about the facts surrounding the second case. (Petitioner's Statement of Facts, at 2–3.) He claims that he received a longer sentence because of the two indictments. (*Id.* at 4.) However, in his reply, petitioner makes clear that he is not challenging his plea and conviction on Indictment 218N-2007. (Reply, at 1.) In fact, he notes that he completed his sentence on Indictment 218N-2007 on November 2, 2012 (even before he filed this petition in September 2013), and is currently incarcerated on a parole violation for the supervised release from that Indictment. (*Id.* at 2.) His challenge relates only to the dismissed Indictment 244N-2007, for which he was not incarcerated at the time of the filing of his habeas petition, and which is not the subject of any conviction.

B.   Procedural Background

Petitioner filed the instant petition for writ of habeas corpus and an application to proceed *in forma pauperis* (IFP) on September 4, 2013, in the Northern District of New York. (Docket No. 1.) The case was transferred to the Eastern District of New York on September 5, 2013. (Docket No. 3.) On September 18, 2013, this Court granted

3

petitioner IFP status and issued an order to show cause, requiring respondents to respond within thirty days of receipt of the order. (Docket No. 5.) Petitioner submitted additional documents regarding his petition on October 2, 2013. (Docket Nos. 8, 9.) Respondents opposed and moved to dismiss on October 17, 2013. (Docket No. 10.) Petitioner replied on October 28, 2013. (Docket No. 12.) By letter dated December 9, 2013, petitioner seeks an adjournment of these proceedings until his release from incarceration on March 20, 2014. (Docket No. 13.)

## II.   DISCUSSION

As noted *supra*, in his reply, petitioner emphasizes that his petition does not challenge his guilty plea and the sentence imposed on Indictment 218N-2007. (Reply, at 1.) Instead, petitioner takes issue with dismissed Indictment 244N-2007, and seeks an apology. (*See generally id.*) As a threshold matter, even if petitioner's contentions are true, the Court cannot compel respondents to tell petitioner that they wrongfully indicted him. *Cf. Weiner v. IRS*, 986 F.2d 12, 12 (2d Cir. 1993) (per curiam) (taxpayer had no legal remedy to compel an apology from IRS for an alleged error). Instead, as set forth below, the Court concludes that it lacks subject matter jurisdiction over the instant petition because petitioner is not now, nor has he ever been, in custody on the dismissed indictment he seeks to challenge in this habeas petition, nor is there any evidence that such indictment had any impact on his conviction under the separate, unrelated indictment—a conviction he does not seek to challenge.

### A.   "In Custody" Requirement

A federal court has jurisdiction to consider a petition for a writ of habeas corpus on "behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (emphases added). The question presented by this case is whether petitioner's habeas corpus petition asserts claims for which he is "in custody" within the meaning of 28 U.S.C. § 2254. *See Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994) (denying a petition for writ of habeas corpus because the petitioner failed to satisfy "in custody" requirement); *see also* 28 U.S.C. §§ 2241, 2254(a); *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001) (holding that relief is generally unavailable through a writ of habeas corpus when a petitioner seeks to challenge a prior conviction for which the person is no longer "in custody"). As the Third Circuit has noted, "custody is the passport to federal habeas corpus jurisdiction." *United States ex rel. Dessus v. Pennsylvania*, 452 F.2d 557, 560 (3d Cir. 1971). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack *at the time his petition is filed*." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (emphasis added). Specifically, the Court held that even a liberal construction of the "in custody" requirement for purposes of federal habeas relief does not extend to the situation where a "habeas petitioner suffers no present restraint from a conviction." *Maleng*, 490 U.S. at 492. "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973). As a result, "its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." *Id.*

4

Physical confinement is not necessary to satisfy the "in custody" requirement; for example, a petitioner who is on parole or serving a term of supervised release is considered to be "in custody" for purposes of federal habeas corpus statutes. *See Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006). The custody requirement is also met where a prisoner attacks any one of a number of sentences, *see, e.g.*, *Peyton v. Rowe*, 391 U.S. 54, 67 (1968), and when a prisoner attacks an earlier conviction, the effect of which was to delay the start of his current, unrelated sentence, *see, e.g.*, *Harrison v. Indiana*, 597 F.2d 115, 117 (7th Cir. 1979).

### B.     Application

The Court lacks subject matter jurisdiction over petitioner's claim because he is not "in custody" pursuant to Indictment 244N-2007. That indictment was dismissed when petitioner pleaded guilty to attempted second degree burglary under indictment 218N-2007. Although petitioner contends that the two indictments rendered him "unable to plea bargain with the Nassau County District Attorney and the Judge to a lesser sentence of 5 years," nothing in the record indicates that the conduct underlying the second indictment affected petitioner's sentence. Instead, when it accepted the plea, the state court concluded that petitioner was a "predicate felony offender" based on a 2004 conviction of attempted burglary in the second degree and stated that petitioner "will be sentenced in accordance with the sentence promised." (Plea Transcript, at 10–12.) In addition, during sentencing, the state court indicated that the district attorney could condition its consent to a plea on a lesser charge upon a specific sentence, petitioner's counsel reminded the court that the second indictment was dismissed, and the court never mentioned the conduct underlying that indictment. (*See generally* Sentencing Transcript.)

In short, although petitioner does not challenge his guilty plea or sentence, there would be no basis to do so even if he did. There is no evidence in the record that the plea was invalid because of the two indictments. Petitioner's responses to the questions asked of him during the plea proceeding established, *inter alia*, that (1) he was "absolutely" "satisfied with the services of [his] lawyer" (Plea Transcript, at 4); (2) admitted that he committed the conduct underlying the first indictment (*id.* at 4–5); (3) understood that he was waiving his right to trial by jury (*id.* at 5); (4) understood that he was waiving his right to appeal "in return for the plea and sentence promised [him] and the dismissal of the second indictment that's being covered (*id.* at 7–8); (5) knew of the length of the prison sentence and supervised release (*id.* at 8); and (6) that he was pleading guilty voluntarily and of his own free will (*id.* at 9). Thus, petitioner cannot collaterally attack the plea agreement by federal habeas corpus because he does not challenge, nor is there a basis to challenge, the plea on the ground that it was not made knowingly and voluntarily, with sufficient awareness of the relevant circumstances and likely consequences. *See Salas v. United States*, 139 F.3d 322, 324 (2d Cir. 1998) ("Because a guilty plea is considered an admission of all the elements of the crime, it is not ordinarily subject to collateral attack. However, a plea may be collaterally attacked if it was not knowing or not voluntary, and a plea cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." (internal citation and quotation marks omitted)); *see also United States v. Adams*, 448 F.3d 492, 497 (2d Cir. 2006) (explaining that trial court can only accept a

5

guilty plea which is "done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences). Therefore, the Court concludes that petitioner is not "in custody" under any conviction or sentence under attack, and the Court lacks jurisdiction. *See Maleng*, 490 U.S. at 492. Accordingly, the Court grants the motion to dismiss the petition on this ground.[2]

---

[2] Even if the Court were to review the balance of the petition, it would fail on the merits. First, a challenge to the sufficiency of a state indictment is not cognizable on habeas review unless the indictment falls below constitutional standards. *See Davis v. Mantello*, 42 F. App'x 488, 490 (2d Cir. 2002) ("Claims of deficiencies in state grand jury proceedings are not cognizable in a habeas corpus proceeding in federal court." (citing *Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989)); *Norwood v. Hanslmaier*, No. 93 Civ. 3748(NG), 1997 WL 67669, at *3 (E.D.N.Y. Feb.11, 1997) (finding that denial of defendant's right to testify in the grand jury and lack of foreperson's signature on indictment did not raise federal constitutional claims). An indictment satisfies constitutional standards if "it charges a crime [1] with sufficient precision to inform the defendant of the charges he must meet and [2] with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *De Vonish v. Keane*, 19 F.3d 107, 109 (2d Cir. 1994) (citation and quotations omitted). Petitioner does not contend that he had no notice of the charges he must meet or that he faced the possibility of double jeopardy based on the vagueness of the accusatory instrument. Second, under the standard promulgated in *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant is required to demonstrate two elements in order to state a successful claim for ineffective assistance of counsel: that (1) "counsel's representation fell below an objective standard of reasonableness," *id.* at 680, and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. For the reasons discussed more fully *supra*, the Court concludes that there is no evidence that petitioner's sentence pursuant to the first indictment would have been lower even if trial counsel had argued that the second indictment wrongly accused petitioner of burglary. In short, nothing indicates that the proposed and then imposed sentence was greater because of the conduct underlying the second indictment.

## IV. CONCLUSION

For the foregoing reasons, Torres's petition for a writ of habeas corpus is dismissed pursuant to 28 U.S.C. § 2254 for lack of jurisdiction because petitioner has not satisfied the "in custody" requirement. The Clerk of the Court shall enter judgment accordingly and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: January 2, 2014
      Central Islip, NY

\*\*\*

Petitioner proceeds *pro se*. Respondents are represented by Kathleen M. Rice, Nassau County District Attorney, by Cristin N. Connell, Assistant District Attorney, 262 Old Country Road, Mineola, NY 11501.

6